UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BEDFORD SIGNALS CORPORATION,

    Plaintiff,                                       Case No. 3:24-cv-223

vs.

RESONANT SCIENCES LLC,                  District Judge Michael J. Newman

    Defendant.

---

**ORDER: (1) DENYING DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT (Doc. No. 48); (2) DENYING AS MOOT THE PARTIES' JOINT MOTION TO STAY (Doc. No. 57)**

---

This is a civil class action case, premised on diversity jurisdiction, in which Plaintiff Bedford Signals Corporation, through counsel, seeks damages, attorneys' fees, and costs against Defendant Resonant Sciences LLC for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment (in the alternative), and tortious inference under Ohio law. *See* Doc. No. 45 at PageID 67-71. Plaintiff alleges Defendants used its software to obtain contracts with other parties then cut Plaintiff out of the parties' contracts in violation of Plaintiff and Defendant's agreements. *Id.* at PageID 56-67. This case is before the Court on Defendant's Fed. R. Civ. P. 12(b)(6) motion to dismiss the first amended complaint. Doc. No. 48. In response to the motion, Plaintiff filed a memorandum in opposition (Doc. No. 50), and Defendant replied (Doc. No. 51). Thus, the motion is ripe for review.

**I.**

Rule 12(b)(6), like all other Federal Rules of Civil Procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

At the motion to dismiss stage, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quotation omitted). The Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all reasonable inferences in favor of the plaintiff." *Royal Truck & Trailer Sales & Serv., Inc. v. Kraft*, 974 F.3d 756, 758 (6th Cir. 2020) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Winget*, 510 F.3d at 582–83 (citation omitted) (quotation omitted).

A complaint will not suffice if it offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II.

Having carefully and thoroughly considered the pleadings and briefing in support of, and in opposition to, Defendant's motion, along with the procedural posture of this case, the efficient and appropriate way forward is to permit discovery to occur and consider the parties' arguments on summary judgment, not earlier at the motion-to-dismiss phase of litigation. *See, e.g.*, *Meriwether v. Hartop*, 992 F.3d 492, 514 (6th Cir. 2021). The Court acknowledges at least one

claim—Plaintiff's breach of contract claim—would go forward, and the Court believes it will be better to decide the remaining preemption issues on summary judgment. *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 456-57, 459 (6th Cir. 2001). Proceeding in this manner will ensure that the Court reviews these arguments only after appropriate discovery has been completed and will guarantee that the Court's consideration of the parties' arguments is not premature. *Meriwether*, 992 F.3d at 514; *cf. Humphreys v. Bank of Am.*, 557 F. App'x 416, 422 (6th Cir. 2014); *Grose v. Caruso*, 284 F. App'x 279, 284 (6th Cir. 2008) (Gibbons, J., concurring); *Nuchols v. Berrong*, 141 F. App'x 451, 453 (6th Cir. 2005); *LRL Prop. v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1113 (6th Cir. 1995) (Jones, J., dissenting).

## III.

Accordingly, Defendant's motion to dismiss (Doc. No. 48) is **DENIED**, and the parties' joint motion to stay (Doc. No. 57) is **DENIED AS MOOT**. Discovery shall proceed forthwith.

**IT IS SO ORDERED.**

July 2, 2025                                                     s/*Michael J. Newman*
                                                                                            Hon. Michael J. Newman
                                                                                            United States District Judge