**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| BEDFORD SIGNALS CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>RESONANT SCIENCES LLC,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 3:24-cv-00223<br><br>District Judge Michael J. Newman<br>Magistrate Judge Caroline H. Gentry |

---

**DECISION & ORDER: (1) GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE [UNREDACTED] MOTIONS UNDER SEAL (DOC. NO. 83); PLAINTIFF'S MOTION FOR LEAVE TO FILE [UNREDACTED] MOTIONS UNDER SEAL (DOC. NO. 90); DEFENDANT'S MOTION FOR LEAVE TO FILE REDACTED VERSIONS OF THE MOTIONS AND MATERIALS (DOC. NO. 96); DEFENDANT'S SUPPLEMENTAL MOTION FOR LEAVE TO FILE DEPOSITIONS, EXHIBITS, AND MOTIONS UNDER SEAL (DOC. NO. 97); DEFENDANT'S MOTION TO SUPPLEMENT THE REDACTED VERSION OF DR. J. MICAH NORTH'S DEPOSITION TESTIMONY (DOC. NO. 98); DEFENDANT'S MOTION FOR LEAVE TO PUBLICLY FILE REDACTED VERSIONS OF ITS OPPOSITIONS AND FILE UNREDACTED VERSIONS UNDER SEAL (DOC. NO. 101); PLAINTIFF'S MOTION FOR LEAVE TO FILE RESPONSES UNDER SEAL (DOC. NO. 108); AND DEFENDANT'S MOTION FOR LEAVE TO PUBLICLY FILE REDACTED VERSIONS OF ITS REPLIES AND FILE UNREDACTED VERSIONS UNDER SEAL (DOC. NO. 113); (2) DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE DEPOSITIONS AND EXHIBITS UNDER SEAL (DOC. NO. 80) AND PLAINTIFF'S JOINDER IN [DEFENDANT'S] MOTION FOR LEAVE TO FILE DEPOSITIONS AND EXHIBITS UNDER SEAL (DOC. NO. 81); (3) DIRECTING THE PARTIES TO FILE THE RELEVANT UNREDACTED MOTIONS, BRIEFS AND MATERIALS UNDER SEAL PURSUANT TO S.D. OHIO CIV. R. 5.2.1; (4) DIRECTING THE CLERK OF COURT TO SEAL THE ORIGINALLY FILED REDACTED VERSION OF DR. J. MICAH NORTH'S TESTIMONY (DOC. NO. 96-4); AND (5) DIRECTING THE CLERK OF COURT TO NOTE ON THE DOCKET THAT THE *REPLACEMENT* REDACTED VERSIONS OF DEFENDANT'S PENDING MOTIONS (DOC. NOS. 96-1, 96-2 & 96-3) SHALL BE CONSIDERED TO BE SUBSTITUTED FOR THE *ORIGINALLY FILED* REDACTED VERSIONS OF DEFENDANT'S PENDING MOTIONS (DOC. NOS. 84, 85 & 86)**

---

In this breach of contract action, Plaintiff/Counterclaim Defendant Bedford Signals Corporation ("Bedford") and Defendant/Counterclaim Plaintiff Resonant Sciences LLC

("Resonant") request permission to file under seal unredacted versions of six motions and the supporting evidentiary materials. The parties contend that these documents contain "two broad categories of confidential information: (1) information which Bedford claims is proprietary or competitively sensitive, such that it would cause undue harm to Bedford if the materials were made public; and (2) information which Resonant and/or the United States Department of Defense has claimed is proprietary, competitively sensitive, and/or sensitive because of national security concerns." (Plaintiff's Supplement to Joinder and Motion to Seal, Doc. No. 95, PageID 604.) The latter category includes "defense-related, For Official Use Only, Controlled Unclassified Information, and Export-Controlled information." (Defendant's Motion for Leave to File Redacted Versions of the Motions and Materials, Doc. No. 96, PageID 616.) The parties also request retroactive permission to file redacted versions of the specified Motions[1] and Materials[2] on the Court's public docket.

[1] Six redacted Motions are pending: (1) Resonant's Motion in Limine to Exclude Opinion Testimony of Dr. Kenneth Falcone (Doc. Nos. 84 & 96-2); (2) Resonant's Motion to Exclude Testimony of Dr. Upamanyu Madhow (Doc. Nos. 85 & 96-3); (3) Resonant's Motion for Summary Judgment (Doc. Nos. 86 & 96-1); (4) Bedford's Motion for Summary Judgment on Counterclaims (Doc. No. 87); (5) Bedford's Motion to Exclude Frederic J. Harris (Doc. No. 89); and (3) Bedford's Motion to Exclude Cumulative Expert Testimony (Doc. No. 92).

[2] The redacted Materials filed in support of the Motions are: (1) Deposition of Dr. J. Micah North (June 17, 2026) and Exhibit 39 [Doc. No. 98-2]; (2) Deposition of Randall Clark (June 18, 2026) [Doc. No. 96-5]; (3) Deposition of Dr. Brian Fischer (June 18, 2026) [Doc. No. 96-6]; (4) Deposition of Dr. Alfred Hero (June 24, 2026) [Doc. No. 96-7]; (5) Deposition of Dr. Fred Harris (June 30, 2026) and Exhibit 54 [Doc. No. 96-8]; (6) Deposition of Timothy Boudreaux (July 2, 2026) [Doc. No. 96-9]; (7) Deposition of Dr. Kenneth Falcone (February 4, 2026) [Doc. No. 96-10]; (8) Deposition of Dr. Kenneth Falcone (June 15, 2026) [Doc. No. 96-11]); (9) Deposition of Dr. Upamanyu Madhow (June 22, 2026) [Doc. No. 96-12]; (10) Declaration of Authenticity of Brian D. Wright [Doc. No. 96-13, PageID 1362-63]; (11) Expert Report of Dr. Upamanyu Madhow [Exh. A, Doc. No. 96-13, PageID 1364-1421]; (12) Expert Report of Matthew Curtin [Exh. B, Doc. No. 96-13, PageID 1422-94]; (13) Rebuttal Expert Report of Dr. Fred Harris [Exh. C, Doc. No. 96-13, PageID 1495-1533]; (14) Rebuttal Expert Report of Timothy Boudreaux [Exh. D, Doc. No. 96-13, PageID 1534-54]; (15) Rebuttal Expert Report of Dr. Alfred Hero [Exh. E, Doc. No. 96-13, PageID 1555-1657]; (16) Supplemental Expert Report of Dr. Alfred Hero [Exh. F, Doc. No. 96-13, PageID 1658-59]; and (17) Damages Documents Introduced During the Deposition of Dr. Kenneth Falcone [Exh. G, Doc. No. 96-13, PageID 1660-62].

## I. LEGAL STANDARD

A party that seeks to seal judicial records bears a "heavy" burden of overcoming the "'strong presumption in favor of openness' as to court records." *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). There are several reasons why this presumption exists. Public access to court records allows people to determine whether their courts are effective. *Brown & Williamson*, 710 F.2d at 1178 ("When judicial decisions are known to be just and when the legal system is moving to vindicate societal wrongs, members of the community are less likely to act as self-appointed law enforcers or vigilantes."). Public access to court records "provides a check" on judges by allowing people to "analyze and critique" their reasoning. *Id*. Public access to court records may help to identify the truth. *Id*. ("When information is disseminated to the public through the media, previously unidentified witnesses may come forward with evidence…. Public access creates a critical audience and hence encourages truthful exposition of facts."). Public access to court records may inform people of issues that also impact them. *Id*. at 1179. Finally, public access to court records helps to ward off "secrecy [that] insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption." *Id*.

Therefore, "[o]nly the most compelling reasons"—such as trade secrets,[3] national security, information protected by a recognized privilege or statute, or the privacy interests

[3] Under Ohio law, a trade secret is defined as "information … that satisfies both of the following: (1) It derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (2) [i]t is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Ohio Rev. Code § 1333.61(D)(1)-(2). Ohio courts consider the following factors when determining

of third parties—"can justify non-disclosure of judicial records." *Id.* at 305, 308; *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016). "Business information that might harm a litigant's competitive standing" can also, in some circumstances, constitute a compelling reason that justifies sealing. *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983) (quoting *Nixon v. Warner Communications*, 435 U.S. 589, 598 (1978)). However, "[s]imply showing that … information would harm the company's reputation is not sufficient." *Brown & Williamson*, 710 F.2d at 1179. And the fact "that many litigants would like to keep confidential … 'the price they agreed to pay under a contract' is not sufficient reason to seal." *Grae v. Corrections Corp. of Am.*, 134 F.4th 927, 932 (6th Cir. 2025) (quoting *Baxter Int'l, Inc. v. Abbott Labs*, 297 F.3d 544, 547 (7th Cir. 2002)). Thus, "[p]latitudes about 'competitively sensitive' information are not enough; the proponents of secrecy must show that 'disclosure will work a clearly defined and serious injury'" to justify sealing court records. *Id.* (citation omitted).

If the moving party can identify one or more compelling reasons to seal certain records, it "must then show why those reasons outweigh the public interest in access to those records." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Group*, 825 F.3d at 305). Further, because the extent of any seal "must be narrowly tailored to serve" the asserted compelling reason(s), the moving party must

---

whether information qualifies as a trade secret: "(1) The extent to which the information is known outside the business; (2) the extent to which it is known to those inside the business …; (3) the precautions taken by the holder of the trade secret to guard the secrecy of the information; (4) the savings effected and the value to the holder in having the information as against competitors; (5) the amount of effort or money expended in obtaining and developing the information; and (6) the amount of time and expense it would take for others to acquire and duplicate the information." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 638-39 (6th Cir. 2019) (internal quotations and citations omitted).

"analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Group*, 825 F.3d at 305-06 08 (internal quotations and citation omitted); *accord Grae*, 134 F.4th at 932 (holding that the moving party, not the court, bears the burden of meeting "the demanding requirements for a seal"). Finally, the moving party must also show, with specificity, that "disclosure will work a clearly defined and serious injury." *Shane Group*, 825 F.3d at 307-08 (internal quotations and citations omitted).

In sum, a party that seeks to seal court records must demonstrate that: (1) one or more compelling reasons justify nondisclosure; (2) such compelling reason(s) outweigh the strong public interest in access to court records; (3) public disclosure will work a clearly defined and serious injury on the moving party; and (4) the proposed sealing is narrowly tailored to serve the compelling reason(s). Further, the Court must make specific findings and conclusions on these issues before it orders that documents filed with the Court be sealed. *Shane Group*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176).

## II. FACTS AND ANALYSIS

### A. Initial Motions to Seal (Doc. Nos. 80 & 81)

Initially, the parties sought permission to seal the designated Materials in their entirety and to be excused from being required to file redacted versions on the Court's public docket. (Defendant's Motion for Leave to File Depositions and Exhibits Under Seal (Doc. No. 80) and Plaintiff's Joinder In [Defendant's] Motion for Leave to File Depositions and Exhibits Under Seal (Doc. No. 81).) Because these sealing requests were not narrowly tailored, the Court held a teleconference with counsel to discuss the Motions and granted the

parties leave to file supplemental information. (Minute Entry dated August 5, 2026.) As discussed below, both parties filed supplemental Motions and briefs.

Because the parties' initial motions were not narrowly tailored as required by *Shane Group*, the Court **DENIES** Defendant's Motion for Leave to File Depositions and Exhibits Under Seal (Doc. No. 80) and Plaintiff's Joinder In [Defendant's] Motion for Leave to File Depositions and Exhibits Under Seal (Doc. No. 81).

### B. Resonant's Motions to Seal and For Leave to File Redacted Versions

Resonant subsequently filed a Supplemental Motion for Leave to File Depositions, Exhibits, and Motions Under Seal (Doc. No. 97). That Motion attaches a Declaration from Resonant's Chief Legal Officer, Sean McBee, who describes the compelling reasons that justify sealing the redacted information redacted that is not designated as Attorney's Eyes Only. (Declaration of Sean McBee ("McBee Decl."), Doc. No. 97-1.) Mr. McBee states that two categories of information are at issue: (1) proprietary and confidential/trade secret business information, and (2) information that is restricted from disclosure by the United States Department of Defense or is otherwise protected from disclosure for reasons of national security. (*Id*. at PageID 1679-81.) The Court will address each category separately.

With respect to the first category, Mr. McBee states that the redacted information includes Resonant's "software and source code and engineering decisions of the technology at issue in this case," which resulted from "years of research, development, testing, and implementation by Resonant's engineers." (McBee Decl., Doc. No. 97-1, PageID 1679.) Mr. McBee avers that the redacted information provides Resonant with a competitive advantage and is not generally known or available either to Resonant's competitors (which

include Plaintiff Bedford) or to the public. (*Id*. at PageID 1680.) Mr. McBee states that the redacted information "derives independent economic value from the fact that it is not generally known to, and not readily ascertainable by, competitors and others who could obtain economic value from its disclosure or use" (*id*.), which meets the criteria for a trade secret under Ohio Rev. Code § 1333.61(D)(1)-(2). Mr. McBee states that "substantial and unfair competitive harm" will befall Resonant if the redacted information is made public. Specifically, "[c]ompetitors could study Resonant's design decisions and implementation strategies and could use Resonant's source code for their own development, obtaining the benefit of Resonant's engineering work." (*Id*.) Finally, Mr. McBee states that Resonant takes steps to protect the redacted information from public disclosure. (*Id*. at PageID 1681.)

With respect to the second category, Mr. McBee states that portions of the redacted information "implicate sensitive defense-related technical information that is subject to federal dissemination controls." (McBee Decl., Doc. No. 97-1, PageID 1680.) Specifically, some of the redacted information is designated For Official Use Only ("FOUO"), Controlled Unclassified Information ("CUI"), and export-controlled technical information. (*Id*.) Mr. McBee explains that all of this information is "subject to mandatory controls governing its storage, handling, and dissemination." (*Id*. at PageID 1681.) He states that "unrestricted public dissemination would defeat … [these] safeguards" and could "threaten national security." (*Id*.)

In addition, Mr. McBee submitted document-by-document and line-by-line explanations of the basis for each redaction of information that is not designated as Attorneys Eyes Only, and each basis falls within the two categories described above. (Exh.

A to McBee Decl., Doc. No. 97-1, PageID 1683-1702.) Similarly, Resonant's outside counsel, Brian Wright, submitted document-by-document and line-by-line explanations of the basis for each redaction that is designated as Attorneys Eyes Only, and each basis falls within the two categories described above. (Exh. A to the Declaration of Brian Wright, Doc. No. 97-2, PageID 1708-33.)

Based upon these detailed explanations, the Court finds that Resonant has met its burden under *Shane Group* of establishing that the redacted information should be sealed from public view. Specifically, Resonant has shown that: (1) the compelling reasons of trade secrets, competitive business harm and national security justify nondisclosure of the redacted information; (2) each compelling reason outweighs the strong public interest in access to court records; (3) public disclosure will work a clearly defined and serious injury on the parties, the United States, and/or the general public; and (4) the proposed sealing is narrowly tailored to serve the identified compelling reasons.

Accordingly, the Court **GRANTS** Defendant's Motion for Leave to File [Unredacted] Motions Under Seal (Doc. No. 83); Defendant's Motion for Leave to File Redacted Versions of the Motions and Materials (Doc. No. 96); Defendant's Supplemental Motion for Leave to File Depositions, Exhibits, and Motions Under Seal (Doc. No. 97); Defendant's Motion to Supplement the Redacted Version of Dr. J. Micah North's Deposition Testimony (Doc. No. 98); Defendant's Motion for Leave to Publicly File Redacted Versions of its Oppositions and File Unredacted Versions Under Seal (Doc. No. 101); and Defendant's Motion for Leave to Publicly File Redacted Versions of its Replies and File Unredacted Versions Under Seal (Doc. No. 113).

The Court **DIRECTS** Resonant's counsel to file the relevant unredacted motions, briefs and materials under seal pursuant to S.D. Ohio Civ. R. 5.2.1.

The Court **DIRECTS** the Clerk of Court to seal the originally filed redacted version of Dr. J. Micah North's Testimony (Doc. No. 96-4).

Finally, the Court **DIRECTS** the Clerk of Court to note on the docket, where appropriate, that the *replacement* redacted versions of Resonant's pending motions (Doc. Nos. 96-1, 96-2 & 96-3) shall be considered to be substituted for the *originally filed* redacted versions of Resonant's pending motions (Doc. Nos. 84, 85 & 86).[4]

**C. Bedford's Motions to Seal and For Leave to File Redacted Versions**

Following the teleconference with the Court, Bedford filed a document titled "Plaintiff's Supplement to Joinder [Doc. Nos. 80 & 81] and Motion to Seal [Doc. No. 90]." (Supplement, Doc. No. 95.) Bedford's founder and President, Kenneth A. Falcone, stated that "[t]his lawsuit concerns methods I developed over my career with applications in software and hardware." (Declaration of Kenneth Falcone, Doc. No. 95-2, PageID 611.) Mr. Falcone also explained that some redacted information concerns "Bedford's financial condition, business operations, and profitability," which is "competitively sensitive" and therefore was designated Attorneys Eyes Only to prevent Defendant Resonant from reviewing it. (*Id.* at PageID 612.) In addition, Bedford's outside counsel Sean O'Hara provided a document-by-document and line-by-line explanation of the bases for redacting

[4] Because these three Motions (Doc. Nos. 84, 85 & 86) have been fully briefed, the Court will not order that they be stricken from the docket. The Court notes that because the three replacement Motions (Doc. Nos. 96-1, 96-2 & 96-3) "disclose substantially ***more*** information to the public" (Doc. No. 96, PageID 616 (emphasis added)), no harm or prejudice will result from allowing the earlier-filed Motions to remain on the docket.

certain information from two Motions, which include the reasons set forth above (e.g., trade secrets, national security, and proprietary/competitively sensitive information). (Declaration of Sean O'Hara, Doc. No. 95-1, PageID 609-10 (discussing Doc. Nos. 89 & 92.))

Based upon these detailed explanations, the Court finds that Bedford has met its burden under *Shane Group* of establishing that the redacted information should be sealed from public view. Specifically, Bedford has shown that: (1) the compelling reasons of trade secrets, competitive business harm and national security justify nondisclosure of the redacted information; (2) each compelling reason outweighs the strong public interest in access to court records; (3) public disclosure will work a clearly defined and serious injury on the parties, the United States, and/or the general public; and (4) the proposed sealing is narrowly tailored to serve the identified compelling reasons.

Accordingly, the Court **GRANTS** Plaintiff's Motion for Leave to File [Unredacted] Motions Under Seal (Doc. No. 90) and Plaintiff's Motion for Leave to File Responses Under Seal (Doc. No. 108). The Court also **DIRECTS** Bedford's counsel to file the relevant unredacted motions, briefs and materials under seal pursuant to S.D. Ohio Civ. R. 5.2.1.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Leave to File [Unredacted] Motions Under Seal (Doc. No. 83); Plaintiff's Motion for Leave to File [Unredacted] Motions Under Seal (Doc. No. 90); Defendant's Motion for Leave to File Redacted Versions of the Motions and Materials (Doc. No. 96); Defendant's Supplemental Motion for Leave to File Depositions, Exhibits, and Motions Under Seal (Doc. No. 97); Defendant's Motion to Supplement the Redacted Version of Dr. J. Micah North's

Deposition Testimony (Doc. No. 98); Defendant's Motion for Leave to Publicly File Redacted Versions of its Oppositions and File Unredacted Versions Under Seal (Doc. No. 101); Plaintiff's Motion for Leave to File Responses Under Seal (Doc. No. 108); and Defendant's Motion for Leave to Publicly File Redacted Versions of its Replies and File Unredacted Versions Under Seal (Doc. No. 113).

The Court **DENIES** Defendant's Motion for Leave to File Depositions and Exhibits Under Seal (Doc. No. 80) and Plaintiff's Joinder In [Defendant's] Motion for Leave to File Depositions and Exhibits Under Seal (Doc. No. 81).

The Court **DIRECTS** counsel for the parties to file the relevant unredacted motions, briefs and materials under seal pursuant to S.D. Ohio Civ. R. 5.2.1.

The Court **DIRECTS** the Clerk of Court to seal the originally filed redacted version of Dr. J. Micah North's Testimony (Doc. No. 96-4).

Finally, the Court **DIRECTS** the Clerk of Court to note on the docket, where appropriate, that the *replacement* redacted versions of Resonant's pending motions (Doc. Nos. 96-1, 96-2 & 96-3) shall be considered to be substituted for the *originally filed* redacted versions of Resonant's pending motions (Doc. Nos. 84, 85 & 86)

**IT IS SO ORDERED**.

*s/Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge